IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UTAH ENVIRONMENTAL CONGRESS<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>JACK TROYER, in his official capacity as Regional Forester of the Intermountain Region of the United States Forest Service, DALE BOSWORTH, as Chief of the United States Forest Service; and UNITED STATES FOREST SERVICE,<br><br>Defendants. | **ORDER DENYING MOTION FOR INJUNCTION PENDING APPEAL**<br><br><br><br><br>Case No. 1:04-CV-00155 PGC |

Before the court is plaintiff Utah Environmental Congress' ("UEC") Motion for Injunction Pending Appeal pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. Specifically, UEC seeks an injunction against the Bear Hodges II Timber Sale in the Wasatch-Cache National Forest (the forest). Because UEC has failed to demonstrate a likelihood of success on the merits or other factors weighing in favor of an injunction, the court DENIES the motion.

**BACKGROUND**

On July 6, 2005, this court entered a Memorandum Decision denying UEC's motion to reverse the defendants' (collectively the Forest Service) approval of six projects, including the Bear Hodges II Timber Sale (the project) that UEC now seeks to enjoin.  In its Memorandum Decision, the court concluded that the 2000 Forest Service regulations governed the project, requiring the Forest Service to use the "best science available."  The court further concluded that the Forest Service complied with the forest plan's quantitative Management Indicator Species (MIS) obligations and reasonably concluded that the project would not affect species viability within the forest.

On July 13, 2005, UEC filed a Notice of Appeal of the court's Memorandum Decision. On appeal UEC contends that the court erred by: (1) concluding that the 2000 regulations governed; (2) refusing to strike and relying upon post-decision data in the administrative record in determining that the Forest Service complied with the forest plan's quantitative MIS obligations; and (3) by determining that the Forest Service possessed sufficient quantitative population trend data for particular MIS.  The Tenth Circuit granted in part UEC's motion to expedite oral argument, which is currently scheduled for the week of September 25-29, 2006. UEC now asks the court to enjoin the project pending the outcome of its appeal.  Defendants oppose the motion.

**DISCUSSION**

UEC, as the party seeking an injunction pending appeal, has the burden to show the following factors: (1) likelihood of success on the merits; (2) threat of irreparable injury absent

2

the injunction; (3)  that the harm to it as the party seeking the injunction substantially outweighs the harm to the opposing parties; and (4) that issuance of the injunction will not harm the public interest.[1]  On occasion, the Tenth Circuit has adopted a modified standard as to the likelihood of success factor.  If a movant shows that the last three factors "tip decidedly" in its favor, then it does not need to show a substantial probability of success on the merits, but only that "questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation."[2]  As discussed below, the court is not persuaded that the last three criteria tip decidedly in UEC's favor.  Therefore, UEC must show that it is substantially likely to succeed on the merits.[3]

## I.     UEC has Failed to Show that it is Likely to Succeed on the Merits

On appeal UEC first contends that the court was required to apply the 1982 rather than the 2000 regulations.  The 2000 regulations require the Forest Service to consider the "best science available" in implementing forest plans.[4]  In concluding that the 2000 regulations applied to the project, the court followed *Utah Environmental Congress v. Bosworth*, 370 F. Supp. 2d 1157 (D. Utah 2005) (*UEC I*).  After UEC filed its motion for an injunction pending appeal, in

---

[1] *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

[2] *Star Fuel Marts, LLC v. Sam's East, Inc.,* 362 F.3d 639, 653 (10th Cir. 2004); *see also Federal Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194-95 (10th Cir. 1999).

[3] *See Star Fuel Marts, LLC,* 362 F.3d at 651.

[4] *See* 36 C.F.R. § 219.35(a) (2001).

*UEC II*,[5] the Tenth Circuit affirmed the application of the 2000 regulations in *UEC I*.  In so doing, the Circuit held that the 2000 transitional regulations govern projects (as opposed to forest plans and plan amendments) proposed between November 9, 2000, and the effective date of the substantive amendments to the 1982 regulations.[6]  Since the project in this case was proposed and approved during this transitional period, the court correctly concluded that the 2000 transition regulations govern and that the project was required to conform to the "best science available" standard.[7]

UEC does not contend that the project does not conform to the "best science available" standard.  Additionally, UEC notes that the application of *UEC I* considerably weakened the merits of its appeal. UEC, asserts, however, that the forest plan and the MIS analysis in the project's final environmental impact statement apply the 1982 regulations for MIS.  UEC also asserts that the MIS concept and mandates associated with the MIS were inherently intertwined with all projects.  UEC therefore contends that the Forest Service had to comply with the 1982 regulations.  The Forest Service responds that it is not bound by individual Forest Service employee decisions to use the 1982 regulations.

The court is unpersuaded by the Forest Service's response.  In addition to complying with the 2000 transition regulations, the Forest Service was required to comply with the forest plan.[8]

---

[5]*See Utah Environmental Congress v. Bosworth,* 443 F.3d 732, 747 (10th Cir. 2006).

[6]*See id.*

[7]*See id.*

[8]*See id.* at 748 (citing 16 U.S.C. § 1604(i)).

Thus, if the plan incorporated the MIS regulations, then the Forest Service was required to comply with the same.

The court, however, determined that the Forest Service complied with the quantitative MIS obligations in the plan and the service reasonably concluded that the approved project would not affect species viability within the forest. UEC disagrees with the first determination. In particular, UEC contends that the court improperly relied on post-decisional data in the administrative record to support its determination and that the determination is not supported by sufficient evidence. The Forest Service responds that the court's determination that the Forest Service complied with its MIS obligations in the plan is correct.

After reviewing this court's record and Memorandum Decision, the court is satisfied that even without post-decisional information, the Forest Service's determinations are supported by substantial evidence. UEC has failed, therefore, to show a likelihood of success on the merits.

## II.    UEC has Failed to Demonstrate that it will be Irreparably Harmed

To obtain an injunction pending appeal, UEC must show that it will suffer harm that is neither remote nor speculative, but actual and imminent.[9] The harm "must be both certain and great," and not "merely serious or substantial."[10] "An injunction should issue only where the intervention of a court is essential to effectually to protect rights against injuries otherwise

---

[9] *See Christie-Spencer Corp. v. Hausman Realty Co., Inc.*, 118 F. Supp.2d 408, 423 (S.D.N.Y. 2000).

[10] *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (quotations and citations omitted).

5

irremediable.[11]  Therefore, UEC is not entitled to a preliminary injunction unless it makes a clear showing of irreparable, imminent, and irremediable injury.

UEC contends that based on the anticipated June 2006 timing of logging in the project, if no stay is granted, the risk of irreparable harm is great.  UEC further contends that once wildlife is harmed by loss of habitat through the logging, the old growth forest cannot be restored.

Nothing before the court, however, indicates that there will be harm to UEC or to the environment.  Rather, the very purpose of the project is to create a diversity of forest conditions to reduce the spruce-fir's susceptibility to spruce beetle epidemic, which the Forest Service indicates would cause mortality to the mature trees.  Moreover, UEC, does not challenge the court's affirmance of the Forest Service's determination that the habitat of the three MIS species at issue will not be harmed by the project.

UEC's also contends that its appeal will be mooted by the logging.  The Forest Service indicates that the only a portion of the project is expected to commence in June 2006 and the project is expected to operate seasonally for the next two years.  The Tenth Circuit has granted expedited oral argument.  Therefore, it does not appear that the appeal will be mooted in its entirety if the court denies an injunction.  Accordingly, the court concludes that this factor does not tip in favor of an injunction.

**III.    The Balance of Hardships Weighs Against an Injunction**

---

[11] *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

When examining the  factor – balance of hardships – the court considers the competing claims of injury and balances the hardships on each party of either granting or withholding the requested relief.[12]   UEC asserts that the Forest Service will suffer no harm because if the service succeeds on appeal, it may simply log the trees at a later time.  The Forest Service claims potential injury from a beetle outbreak as well as economic hardship to the service and the local community.  UEC responds that mere financial loss to the agency is not a sufficient reason for denying an injunction and that the community would be profit from logging in the future.

It appears that hardships can be found on both sides of the scale.  However, nothing persuasively indicates that the balance tips in favor of an injunction.  The court therefore concludes an injunction is not supported by this factor.[13]

**IV.    Granting an Injunction is not in the Public Interest**

Finally, the court finds that an injunction is not in the public interest.  When deciding whether to issue an injunction, the court "pay[s] particular regard for the public consequences in employing the extraordinary remedy of injunction."[14]

UEC argues that there is a strong public interest in requiring decisions made about public lands to be in full compliance with applicable federal laws and regulations.  The court agrees, but has concluded that the Forest Service complied with applicable federal laws and regulations.

---

[12] *See Pappan Enters. v. Hardees*, 143 F.3d 800, 805 (3rd Cir. 1998).

[13] *See Rankin v. Thone*, 512 F. Supp. 507, 510 (D. Neb. 1980).

[14] *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

7

UEC also contends that the public interest is not served by rushing logging projects into sensitive wildlife areas.  The Forest Service, however, did not rush the project.

The public interest also appears to be well served by the Forest Service project.  The Forest Service indicates that its efforts to preserving trees from the beetles outbreaks may be hampered by an injunction.  Moreover, according to an affidavit provided by the Forest Service,[15] the logging projects at issue in this case will provide most of the wood products-related jobs in the community of Ovid, Idaho.  Without the logging projects, apparently several dozen jobs are at risk.  It is no answer to this to assert, as UEC does, that the logging can simply be done in future years.  The men and women who rely on those jobs for their livelihoods cannot put their lives on hold.  Considering the economic loss, as well as the public interest, the court concludes that the public interest is best served by not enjoining the project.

## CONCLUSION

Based upon the foregoing reasons, the court HEREBY DENIES UEC's Motion for Injunction Pending Appeal (#55).  The clerk of court is HEREBY ORDERED to close this case.

DATED this 1st day of June, 2006.

BY THE COURT:

_____

Paul G. Cassell
United States District Judge

---

[15] Declaration of Larry Johnson at ¶ 10.

8